# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-22-381-F |
| ) | CIV-24-331-F |
| TONY JAMELL HARRIS, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant, Tony Jamell Harris, Jr., a federal prisoner proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. no. 33.[1] Plaintiff, United States of America, has responded in opposition to the motion. Doc. no. 40. Defendant has replied and has filed a motion for stay. Doc. nos. 43 and 43-1. Upon due consideration of the parties' submissions, the court makes its determination.

### I.

*Procedural History*

On September 7, 2022, the grand jury returned a one-count indictment charging defendant with felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The ammunition at issue was two rounds of Hornady .380 caliber ammunition. On December 2, 2022, defendant, without a plea agreement, entered a plea of guilty to the indictment.

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

A final presentence investigation report was prepared by the probation office on March 31, 2023.  The probation office calculated defendant's base offense level at 20.  Defendant received a four-level enhancement under U.S.S.G.[2] § 2K2.1(b)(6)(B) for possessing a firearm in connection with felony eluding and due to relevant conduct related to feloniously pointing a firearm, resulting in an adjusted offense level of 24.  After applying a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant's total offense level was 21.

Based on his criminal history, which included a state conviction for assault with a dangerous weapon (Oklahoma County District Court, Case No. CF-2020-1564), defendant received a subtotal criminal history score of 12.  Because defendant committed his offense while under criminal justice sentences, two points were added under U.S.S.G. § 4A1.1(d), establishing a total criminal history score of 14 and a criminal history category of VI.  A total offense level of 21, combined with a criminal history category of VI, resulted in an advisory sentencing guideline range of 77 months to 96 months of imprisonment.

The court conducted a sentencing hearing on May 4, 2023. The court adopted the factual sections of the final presentence investigation report other than the notation in paragraph 7 that defendant had gang affiliation.  The court sentenced defendant to a term of imprisonment of 96 months and a term of supervised release of three years.  Judgment was entered the next day, May 5, 2024.

Defendant did not file a direct appeal.  On February 26, 2024, defendant filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, by Prisoner in Federal Custody.  The motion was stricken as moot by the court because defendant had not previously filed a § 2255 motion.

---

[2] United States Sentencing Guidelines.

Subsequently, defendant filed the instant § 2255 motion, which is timely filed under 28 U.S.C. § 2255(f)(1).[3] Defendant asserts three grounds for relief: (1) his § 922(g)(1) conviction is unconstitutional; (2) he is a nonviolent felon who may possess a firearm (and presumably ammunition) under the Second Amendment to the United States Constitution; and (3) if he exercised his right to go to trial, the government could not prove the third element of the § 922(g)(1) offense.

The government argues in response that defendant's grounds are procedurally barred or, alternatively, fail on the merits.

In his reply brief, defendant contends that he "file[d] ineffective counsel on [his] [§] 2255 motion" due to the fact his lawyer forced him to sign things he didn't want to sign, specifically "waivers." Doc. no. 43-1, ECF p. 1. He also contends that he was held "hostage" in federal custody in the Cleveland County jail beginning September 21, 2022, when there was no warrant or complaint as of that time, and that he was forced to waive his detention hearing. *Id*. at ECF pp. 1-2. Further, defendant contends the court failed to sentence him under an accurate presentence investigation report because the court did not send him for a psychological evaluation.

II.

*Motion to Stay*

With his reply, defendant moves to stay his § 2255 motion. Defendant requests the court to stay his § 2255 motion pending the Supreme Court's rulings on

---

[3] Shortly after defendant filed his § 2255 motion, he submitted a letter, which the court construed as a motion to appoint counsel to assist in determining whether defendant may qualify for a reduction of sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. So construed, the motion was stricken as moot by the court because under General Order 23-6, the Federal Public Defender or his designee was appointed to represent defendant to make such determination. On May 21, 2024, the Federal Public Defender's Office filed a notice to the court that defendant was ineligible for sentencing relief under Amendment 821 and no motion would be filed on his behalf.

the petitions for writ of certiorari from the appellate court rulings in Vincent v. Garland, 80 F.4th 1197 (10th Cir. 2023); United States v. Jackson, 69 F.4th 495 (8th Cir. 2023); United States v. Doss, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023); and Range v. Attorney General United States of America, 69 F.4th 96 (3d Cir. 2023). Defendant also states that he has contacted the Oklahoma state court and Oklahoma Department of Corrections to fax proof to the court that he is a nonviolent offender.

The court finds defendant's motion should be denied. On July 2, 2024, the Supreme Court granted the petitions for writ of certiorari in all four cases referenced by defendant, vacated the judgments, and remanded the cases to the appellate courts for further consideration in light of United States v. Rahimi, 144 S.Ct. 1889 (2024). *See*, Vincent v. Garland, No. 23-683, 2024 WL 3259668; Jackson v. United States, No. 23-6170, 2024 WL 3259675; Doss v. United States, No. 23-6842, 2024 WL 3259684; and Garland v. Range, No. 23-374, 2024 WL 3259661. As the Supreme Court has rendered its ruling with respect to the petitions, the court concludes that no stay of defendant's § 2255 motion is warranted.

In addition, the court concludes that no stay is warranted to await the "proof" requested by defendant from the Oklahoma state court and Oklahoma Department of Corrections. The final presentence investigation report provides pertinent information as to defendant's criminal history. The court also may obtain access to defendant's state court convictions through the Oklahoma State Courts Network (OSCN) website.

### III.
*Analysis*

Procedural Bar

A § 2255 motion is not intended as a substitute for direct appeal. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004); *see also*, United States v. Allen, 16

F.3d 377, 378 (10th Cir. 1994) ("[Section] 2255 is not available to test the legality of matters which should have been raised on appeal."). Consequently, a defendant's failure to raise an issue on direct appeal imposes a procedural bar to review in a § 2255 proceeding. *Id*.

There are two well-recognized exceptions under which a defendant may escape application of the procedural bar. Cervini, 379 F.3d at 990. First, defendant may show "cause and prejudice," that is, that he had "both good cause for failing to raise the issue [on direct appeal], and that the court's failure to consider the claim would result in actual prejudice to his defense[.]" *Id*. A defendant can show "cause" if he can "demonstrate that his claim was so novel that its legal basis was not reasonably available to counsel." United States v. Wiseman, 297 F.3d 975, 979 (10th Cir. 2002) (quotation marks and citation omitted). In addition, "cause" can "be established by showing that counsel rendered constitutionally ineffective assistance." *Id*. (citations omitted).

Second, if defendant can show that "failure to consider the federal claims will result in a fundamental miscarriage of justice, the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar." Cervini, 379 F.3d at 990-91 (quotation marks and citation omitted). This second exception is "a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012). As explained by the Supreme Court, actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Defendant did not file a direct appeal from his conviction and sentence. Therefore, the grounds upon which he seeks § 2255 relief are subject to procedural bar. To overcome the procedural bar, defendant must demonstrate "cause and

5

prejudice" or a fundamental miscarriage of justice. Upon review, the court concludes that defendant has not made the required showing.

It appears defendant seeks to establish "cause" by arguing that he raised the issue of ineffective assistance of counsel in his § 2255 motion. However, defendant did not raise that issue in his motion. Although he asserts in the filing that his counsel advised him not to challenge his conviction, he does not allege that in so doing, counsel rendered constitutionally ineffective advice.

A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Id*. at 688. Second, a defendant must show that counsel's "deficient performance prejudiced [his] defense." *Id*. at 687. Defendant's conclusory allegations in his motion are not sufficient to establish an ineffective assistance of counsel claim. *See*, United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").

In his reply brief, defendant complains that counsel forced him to sign things he did not want to sign, specifically waivers. However, defendant's allegations in that filing are plainly conclusory. The court concludes that the conclusory allegations are insufficient to support an ineffective assistance of counsel claim. The court therefore concludes that defendant has failed to show "cause" to overcome the procedural bar for consideration of his defaulted claims. Consequently, the court need not address whether defendant has demonstrated prejudice.

Defendant does not address the fundamental miscarriage of justice exception in his motion or his reply brief. To establish actual innocence, defendant "must demonstrate that, in light of all the evidence, it is more likely than not that no

reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quotation marks and citation omitted). As stated, actual innocence "means factual innocence, not mere legal insufficiency." *Id*. Defendant has not made such demonstration with his filings.

In sum, the court concludes that defendant's grounds for relief in his § 2255 motion are procedurally barred. The court thus concludes that defendant's motion should be denied as procedurally barred.

Merits

Alternatively, even if defendant's grounds for relief were not procedurally barred, the court concludes that they are without merit.

Defendant challenges his § 922(g)(1) conviction, claiming the prohibition in § 992(g)(1) violates the Second Amendment rights of nonviolent felons like himself. In United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009), the Tenth Circuit squarely upheld the constitutionality of the ban on convicted felons' possession of firearms. Following the Supreme Court's decision in N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S.Ct. 2111 (2022), a plaintiff, who was convicted of a nonviolent felony, filed suit challenging the ban as violating the Second Amendment rights of nonviolent felons. *See*, Vincent, 80 F.4th at 1199. The district court dismissed the suit following McCane. *Id*. On appeal, the Tenth Circuit determined that McCane had not been overruled by Bruen. Specifically, the appellate court found that Bruen did not "indisputably and pellucidly abrogate [the] precedential opinion in *McCane*." *Id*. at 1202. And because McCane "upheld the constitutionality of the federal ban for *any* convicted felon's possession of a firearm," the Tenth Circuit followed McCane and affirmed the dismissal of the plaintiff's suit. *Id*. (emphasis in original).

The Tenth Circuit's judgment in Vincent was recently vacated and remanded by the Supreme Court for further consideration in light of the decision in United

7

States v. Rahimi. The court, however, opines that the Tenth Circuit's ruling in Vincent will not change in light of Rahimi. The court opines that neither Rahimi nor Bruen indisputably and pellucidly abrogate the Tenth Circuit's precedential opinion in McCane. However, even if they did, and the ban were held by the Tenth Circuit not to apply to nonviolent felons as defendant argues, the court finds that based on defendant's criminal history, which includes an assault with dangerous weapon,[4] defendant does not qualify as a nonviolent felon and the ban on his possession of a firearm or ammunition is not unconstitutional.

Defendant also challenges the government's ability at trial to satisfy the "third element" of the § 922(g)(1) offense. Defendant does not specify what that element is, but it appears defendant challenges the government's ability to prove that "the defendant knew he was convicted of a felony at the time he possessed [the ammunition]." Tenth Circuit, Criminal Pattern Jury Instructions 2.44 (Possession of a Firearm by a Convicted Felon 18 U.S.C. § 922(g)(1) (2021 Edition).

Because defendant pleaded guilty to the § 922(g)(1) charge and the court has rejected his constitutional challenge to the § 922(g)(1) conviction, defendant's challenge to the government's ability to satisfy the third element at trial is clearly without merit. Nonetheless, based on the record, the court concludes that the government would be able to prove that defendant knew he had been convicted of a felony at the time he possessed the ammunition.

In his motion, defendant claims that he was unaware that he could not possess the ammunition because he was able to purchase it at a store and his probation officer did not tell him he couldn't purchase it. But the government is not required to prove

---

[4] An assault with a dangerous weapon conviction under 21 O.S. § 645 constitutes a "violent felony" under the elements clause of the Armed Career Criminal Act. United States v. Thompson, 736 Fed.Appx.756, 760 (10th Cir. 2018) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

8

that defendant knew his conduct was prohibited by law or that defendant knew his felon status prohibited him from possessing the ammunition. United States v. Benton, 988 F.3d 1231, 1238 (10th Cir. 2021). Rather, the government is only required to prove that defendant knew he possessed the ammunition, and he knew he had been convicted of a felony. *Id*.

Based on the foregoing, the court concludes that defendant's grounds for relief are without merit.[5]

## IV.

### *Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

## V.

### *Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the constitutional claims on the merits, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where

---

[5] In his reply brief, defendant appears to raise additional claims in support of § 2255 relief. The court declines to address the additional claims because they were raised for the first time in the reply brief. *See*, United States v. Lee Vang Lor, 706 F.3d 1252, 1256 (10th Cir. 2013) (movant waived § 2255 claim raised for the first time in a reply brief).

the district court denies a § 2255 motion on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon review, the court finds that defendant cannot make such showing. The court thus denies a certificate of appealability.

VI.

*Conclusion*

Accordingly, defendant, Tony Jamell Harris, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 33) is **DENIED**. A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

IT IS SO ORDERED this 29th day of July, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0381p010 rev_.docx